IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TISA MARIE CANLAS, ) | Civil No. 15-00243 HG-KSC |
| Plaintiff, ) | |
| vs. ) | |
| OLOMANA GOLF LINKS, INC., a Hawaii profit corporation, dba OLOMANA GOLF LINKS, a registered Hawaii trade name, aka THE PACIFIC LINKS HAWAII, a registered Hawaii trade name, and PACIFIC LINKS HAWAII, a registered Hawaii trade name; and DOE DEFENDANTS 1-10, ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANT OLOMANA GOLF LINKS, INC.'S MOTION TO COMPEL ARBITRATION (ECF NO. 25)
and
DISMISSING THE CASE**

Plaintiff Tisa Marie Canlas filed a Complaint alleging claims of sex discrimination, hostile work environment, unlawful retaliation, and wrongful discharge in violation of Title VII of the Civil Rights Act of 1964 against her former employer, Defendant Olomana Golf Links, Inc.  The Complaint also brings related state law tort and discrimination claims against Defendant.

Defendant filed a motion to compel arbitration, asserting that Plaintiff agreed to arbitrate claims arising out of her

1

employment with Defendant.

Defendant's Motion to Compel Arbitration (ECF No. 25) is **GRANTED**.

This case is **DISMISSED**.

## PROCEDURAL HISTORY

On June 26, 2015, Plaintiff Tisa Marie Canlas ("Plaintiff") filed a Complaint. (ECF No. 1).

On July 22, 2016, Defendant Olomana Golf Links, Inc. ("Defendant") filed DEFENDANT OLOMANA GOLF LINKS, INC.'S MOTION TO COMPEL ARBITRATION. (ECF No. 25).

On August 18, 2016, Plaintiff filed PLAINTIFF TISA MARIE CANLAS' MEMORANDUM IN OPPOSITION TO DEFENDANT OLOMANA GOLF LINKS, INC.'S MOTION TO COMPEL ARBITRATION FILED JULY 22, 2016 [DOC. NO. 25]. (ECF No. 30).

On September 6, 2016, Defendant filed DEFENDANT OLOMANA GOLF LINKS, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION. (ECF No. 31).

On September 28, 2016, the Court held a hearing on Defendant's motion to compel arbitration. (ECF No. 32).

## BACKGROUND

Plaintiff Tisa Marie Canlas ("Plaintiff") states that from January 20, 2013 to August 1, 2014, she worked at the Olomana

Golf Course as a golf cart attendant. (Complaint at pp. 5; 20, ECF No. 1). According to Plaintiff, the Olomana Golf Course is an 18-hole course near Waimanalo, Hawaii, on the island of Oahu. The course is owned and operated by Defendant Olomana Golf Links, Inc. ("Defendant"). (Id. at p. 4).

Prior to beginning employment with Defendant, Plaintiff signed a document entitled, "Employment Agreement." The Employment Agreement contains an arbitration provision, which provides that:

> All claims, controversies or disputes between You and the Company arising out of or relating to this Agreement and/or your employment with the Company, shall be settled by arbitration, except as provided in this paragraph. By way of example only, the following claims shall be resolved by arbitration: claims under federal, state and local statutory law, such as Title VII of the Civil Rights Act of 1964, the Americans with Disability (sic) Act, Hawaii's Employment Practices Act, and claims brought under the laws of contract and tort. The arbitration proceeding shall be administered by Dispute Prevention & Resolution, Inc. ("DPR"), or such other alternative dispute resolution service, administrative agency or organization as the Parties may agree, before a single arbitrator. The DPR Arbitration Rules, Procedures and Protocols shall govern procedure and the Federal Arbitration Act, shall govern substantive law. The decision of the arbitrator will be final and binding on the parties. Any arbitration award may be confirmed as a judgment in accordance with the applicable laws of the State of Hawaii. Such dispute shall be Initiated in writing by the filing of a demand for arbitration with DPR, by the party alleging breach, and the sending of the demand for arbitration to the other Party via Certified Mall, Return Receipt Requested, or via U.S. Priority Mail with Signature Confirmation. Motions to compel arbitration under HRS § 658A-7 and motions for provisional remedies under HRS § 658A-8 submitted to the court shall be exempt from arbitration.

(Ex. A of Def. Motion to Compel Arb. at p. 2, ECF No. 25-3).

Plaintiff alleges that shortly after beginning her employment with Defendant, she began experiencing persistent hostility from coworkers at the Olomana Golf Course. (Complaint at pp. 4-6). Plaintiff states that one example of the hostility she faced occurred on April 16, 2013, when a course marshal made sexually explicit comments to her during a conversation. (Id. at p. 6). According to Plaintiff, she reported the marshal's comments to the Office Manager and General Manager of the golf course, but neither supervisor investigated her allegations or remedied the situation. (Id. at p. 7). Plaintiff claims that her coworkers became aware of her complaint about the marshal, and responded by ostracizing her, treating her differently, and giving her "dirty looks." (Id. at pp. 6-8).

Plaintiff asserts that on multiple occasions, she reported her coworkers' antagonistic behavior and other incidents involving dishonest or unethical behavior, but her supervisors made little to no effort to resolve the situation, or to transfer her to another golf course. (Id. at pp. 10-12; 15; 18). Plaintiff states that on multiple occasions, other coworkers drove each other to their vehicles before and after their shifts, but Plaintiff was left to walk to her car unescorted. (Id. at pp. 12-18). Plaintiff also contends that in February 2014, she reported that other employees were not following company policy

as to how and when perks may be provided, money was missing from the lost-and-found collection box, and employees were stealing aluminum cans to recycle them in exchange for money. (Id. at pp. 18-19). Plaintiff indicates that rather than address her complaints, Defendant retaliated by terminating her employment on or about August 1, 2014. (Id. at pp. 19-20).

## STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th

Cir. 2000).

When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011).  The party asserting a defense to the enforceability of an arbitration agreement has the burden of proving that defense by a preponderance of the evidence.  See Siopes v. Kaiser Found. Health Plan, Inc., 312 P.3d 869, 878 (Haw. 2013).

## **ANALYSIS**

Defendant Olomana Golf Links, Inc. ("Defendant") asserts that Plaintiff Tisa Marie Canlas ("Plaintiff") must submit her claims to arbitration.  According to Defendant, Plaintiff signed an employment agreement that specifically provided that claims arising out of Plaintiff's employment shall be settled by

arbitration.

Employment agreements containing arbitration clauses are generally subject to the Federal Arbitration Act, which reflects the federal policy favoring arbitration.  See Brennan v. Opus Bank, 796 F.3d 1125, 1129 (9th Cir. 2015).  The Court examines the following three factors when determining whether arbitration should be compelled pursuant to the Federal Arbitration Act: (1) whether there exists a valid agreement to arbitrate; (2) whether the parties' dispute falls within their arbitration agreement; and (3) whether there is a defense that voids the enforcement of the contract.  AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011); Ashbey v. Archstone Prop. Mgmt., Inc., 785 F.3d 1320, 1323 (9th Cir. 2015).

Plaintiff concedes points (1) and (2).  She acknowledges that there is (1) a valid agreement to arbitrate, and (2) that the agreement encompasses her claims.  (Pla. Memo. in Opp. at p. 2, ECF No. 30).  Plaintiff argues that the arbitration agreement is unenforceable.


**I. THE ARBITRATION AGREEMENT**

Plaintiff contends that the arbitration agreement is unenforceable.  She claims it is (1) a contract of adhesion, (2) that it covers claims that an employee is likely to assert, but omits types of claims that the employer is likely to bring

against an employee, and (3) that it forces the employee to pay higher litigation expenses than she would in court because the agreement does not state which party would pay for the arbitration fees and costs.

Section 2 of the Federal Arbitration Act contains a savings clause, which states that arbitration agreements are "enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The savings clause allows generally applicable contract defenses to invalidate arbitration agreements. Concepcion, 131 S.Ct. at 1746. The federal courts look to governing state law when determining the applicability of a defense to the enforcement of an arbitration agreement. Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 686-87 (1996); Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir. 2003). Hawaii law governs the analysis of the defenses to enforcement raised by Plaintiff.

The Hawaii courts recognize unconscionability as a defense to the enforcement of a contract. Siopes v. Kaiser Found. Health Plan, Inc., 312 P.3d 869, 891 (Haw. 2013). A contract is considered unconscionable under Hawaii law if:

> (1) the contract is the result of coercive bargaining between parties of unequal bargaining strength; and (2) the contract unfairly limits the obligations and liabilities of, or otherwise unfairly advantages, the stronger party. See Buraczynski v. Eyring, 919 S.W.2d 314, 318-21 (Tenn. 1996) (citing [Leong by Leong v. Kaiser Found. Hosps., 788 P.2d 164 (Haw. 1990)]). Arbitration agreements are not usually regarded as

8

> unenforceable contracts of adhesion because the second condition is generally lacking—that is, the agreement "bears equally" on the contracting parties and does not limit the obligations or liabilities of any of them, "but merely substitutes one forum for another." Leong, 71 Haw. at 248, 788 P.2d at 169 (citation and internal quotation marks omitted).

Brown v. KFC Nat'l Mgmt. Co., 921 P.2d 146, 167 (Haw. 1996).

**A. Unequal Bargaining Power**

The parties do not dispute that the employment contract Plaintiff signed with Defendant was presented to her in a "take it or leave it" manner. (Def. Memo. in Support at p. 15, ECF No. 25-1). The Ninth Circuit Court of Appeals has recognized that such a circumstance supports a finding of procedural unconscionability. In Domingo v. Ameriquest Mortgage Co., 70 F. App'x 919 (9th Cir. 2003), a mortgage company provided a prospective employee with a "take it or leave it" contract. 70 F. App'x at 920. The appellate court held that the company was the stronger party as a matter of law, and that unequal bargaining positions between the company and the prospective employee resulted in the plaintiff having no meaningful opportunity to opt out of the arbitration agreement. Plaintiff did not have any power to negotiate the terms of the agreement. Defendant was the stronger party in an unequal bargaining process. Id.

The Hawaii Supreme Court has stated that such arbitration

agreements are not typically seen as unenforceable contracts of adhesion, as they generally substitute one forum for another, and do not impose unequal obligations on one party over another. Brown, 921 P.2d at 167.

### B. Obligations and Limitations of the Parties

Plaintiff contends that the arbitration agreement is unenforceable for two reasons.  The agreement (1) referenced employment discrimination claims that an employee was most likely to bring, but did not mention types of claims that an employer would assert against the employee; and (2) it did not indicate which party would pay for the costs and fees associated with arbitration, resulting in Plaintiff paying higher litigation expenses than she would in court.

#### 1. The Scope of the Arbitration Agreement Equally Covers Claims Asserted by an Employee and an Employer

Plaintiff states that the arbitration agreement unfairly compels arbitration of claims that an employee such as Plaintiff would bring, but excludes, by omission, claims that an employer would bring against an employee.

The arbitration agreement provides in relevant part that:

> **All claims, controversies or disputes between You and the Company arising out of or relating to this Agreement and/or your employment with the Company,** shall be settled by arbitration, except as provided in this paragraph. **By way of example only,** the following

>   claims shall be resolved by arbitration: claims under federal, state and local statutory law, **such as** Title VII of the Civil Rights Act of 1964, the Americans with Disability (sic) Act, Hawaii's Employment Practices Act, and claims brought under the laws of contract and tort. . . . Motions to compel arbitration under HRS § 658A-7 and motions for provisional remedies under HRS § 658A-8 submitted to the court shall be exempt from arbitration.

(Ex. A of Def. Motion to Compel Arb. at p. 2, ECF No. 25-3) (emphasis added).

According to the agreement, all claims arising out of Plaintiff's work at the Olomana Golf Course must be decided by an arbitrator. The enumerated examples referenced in the agreement appear to function as illustrations for clarification, not as an exclusive list that exempts claims an employer might bring against an employee.

In Melton v. Philip Morris Inc., 71 F. App'x 701 (9th Cir. 2003), the Ninth Circuit Court of Appeals addressed the conscionability of an arbitration agreement, which stated:

>   The [arbitration] Program applies to any legal or equitable claim, demand or controversy, in tort, in contract, under statute, or alleging violation of any legal obligation, between persons bound by the Program which relates to . . . in any way . . . any other matter following separation from employment . . . including by way of example and without limitation, allegations of discrimination based on race, sex, religion, age . . . harassment prohibited by state or federal statu[t]e or the common law, including, but not limited to, sex, race, religion, age . . . workers compensation retaliation . . . infliction of emotional distress . . ..

Melton v. Philip Morris, Inc., No. CIV. 01-93-KI, 2001 WL

11

1105046, at *1 (D. Or. Aug. 9, 2001) (ellipsis in original), rev'd, 71 F. App'x 701 (9th Cir. 2003).

In Melton, the employee argued that the arbitration agreement failed for want of mutuality, as it covered claims that an employee would bring against an employer, but appeared to exempt claims an employer may bring against an employee. 71 F. App'x at 703. The appellate court rejected the employee's argument, holding that the language of the arbitration agreement imposed mutual obligations on both the employer and employee. Id.

As with the Melton case, there is no indication here that the arbitration agreement exempts types of claims typically brought by an employer against an employee. See Hermida v. JP Morgan Chase Bank, N.A., No. 3:15-CV-00810-HZ, 2015 WL 6739129, at *5 (D. Or. Nov. 3, 2015) (holding that arbitration agreement listing examples of claims was fair and did not exempt claims by the employer). The fact that the arbitration agreement mentions Title VII as an example of a claim that must be subject to arbitration does not render it unenforceable. Claims brought pursuant to Title VII and other employment discrimination laws are subject to valid mandatory arbitration agreements. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 23 (1991); E.E.O.C. v. Luce, Forward, Hamilton & Scripps, 345 F.3d 742, 750-51 (9th Cir. 2003) (*en banc*) (finding no conflict between

12

"the purpose of Title VII and compulsory arbitration of Title VII claims").

Plaintiff relies on Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778 (9th Cir. 2002) and Domingo, 70 F.App'x 919 in support of her position that the arbitration agreement unfairly exempts claims that an employer would bring against an employee. The arbitration agreements in those cases are not similar to the arbitration agreement in the case before the Court.

The Ferguson case involved an agreement that explicitly excluded from arbitration claims concerning intellectual property, trade secrets, and confidential information belonging to the employer. 298 F.3d at 784-85. The Ninth Circuit Court of Appeals held that the agreement's exclusion of such claims was unfair and one-sided, as it exempted the types of claims that an employer would bring, but did not afford similar exemptions to the benefit of employees. Id.

The arbitration agreement at issue in Domingo contained (1) an unfair forum selection clause, (2) a restrictive discovery limitation, (3) a provision allowing for motions to dismiss and for summary judgment during arbitration proceedings, and (4) an explicit exemption of some of the employer's claims. 70 F.App'x at 920. The Ninth Circuit Court of Appeals found that these four characteristics of the arbitration agreement rendered it substantively unconscionable. Id. at 921.

13

None of the problematic provisions scrutinized in the <u>Ferguson</u> and <u>Domingo</u> cases are present here. The arbitration agreement does not exclude any claims favoring the employer. The agreement's coverage of claims appears even handed. <u>See</u> <u>Ortiz v. Hobby Lobby Stores, Inc.</u>, 52 F.Supp.3d 1070, 1081-82 (E.D. Cal. 2014) (applying California law).

### 2. The Agreement's Silence as to the Apportionment of Arbitration Expenses

Plaintiff avers that the arbitration agreement's silence as to which party would pay for the fees and costs associated with arbitration would force her to pay higher expenses than she would in court.

The United States Supreme Court, the Ninth Circuit Court of Appeals, and the Hawaii Supreme Court have each rejected unsubstantiated assertions that arbitration inherently leads to increased fees and costs as a means to invalidate an arbitration agreement. <u>See</u> <u>Green Tree Fin. Corp.-Alabama v. Randolph</u>, 531 U.S. 79, 89-91 (2000); <u>Kilgore v. KeyBank, Nat. Ass'n</u>, 718 F.3d 1052, 1058 (9th Cir. 2013). In the <u>Brown</u> decision, the Hawaii Supreme Court adopted the presumption that litigation through the courts takes longer and is generally more expensive than the resolution of claims through arbitration. 921 P.2d at 166 n. 23

In <u>Green Tree</u>, the United States Supreme Court held that the fact that an arbitration agreement is silent as to the costs of

14

arbitration "is plainly insufficient to render it unenforceable." 531 U.S. at 91. The Supreme Court stated that invalidating an arbitration agreement on the grounds that it was silent as to expenses undermines federal policy favoring arbitration agreements. Id. at 91-92.

The arbitration agreement in this case, as in Green Tree, is silent as to the allocation of the expenses associated with arbitration. The arbitration agreement's lack of instruction concerning arbitration expenses is insufficient grounds to find it unconscionable. See Melez v. Kaiser Found. Hosps., Inc., No. 2:14-CV-08772-CAS, 2015 WL 898455, at *12 (C.D. Cal. Mar. 2, 2015) (rejecting employee's argument that the arbitration agreement was unconscionable because it did not specify the costs of the arbitration); Coup v. Scottsdale Plaza Resort, LLC, 823 F.Supp.2d 931, 954 (D. Ariz. 2011).

Plaintiff cannot look to the Ferguson decision for support. Unlike the arbitration agreement here, the agreement in Ferguson provided that the expenses associated with arbitration would be split between the parties. 298 F.3d at 785. The Ninth Circuit Court of Appeals has drawn a significant distinction between arbitration agreements that affirmatively impose costs upon a party in an arbitration and agreements that are silent on the issue. See, e.g., Chavarria v. Ralphs Grocery Co., 733 F.3d 916, 925-26 (9th Cir. 2013); Ingle, 328 F.3d at 1178 n. 18.

15

The arbitration agreement was made between parties of unequal bargaining power. The arbitration agreement does not, however, unfairly limit "the obligations and liabilities of, or otherwise unfairly advantages, the stronger party." Brown, 921 P.2d at 167 (citations omitted). The arbitration agreement before the Court is enforceable. Id.

## CONCLUSION

The arbitration agreement Plaintiff signed is valid, covers her claims, and is enforceable. Pursuant to the Federal Arbitration Act, Plaintiff's claims must be submitted to an arbitrator.

Defendant Olomana Golf Links, Inc.'s Motion to Compel Arbitration (ECF No. 25) is **GRANTED**.

Pursuant to 9 U.S.C. § 3, the Court may stay the proceedings pending arbitration or dismiss the case in favor of arbitration. See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004). This case is hereby **DISMISSED**.

//
//
//
//
//
//

IT IS SO ORDERED.

DATED: October 24, 2016, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

TISA MARIE CANLAS v. OLOMANA GOLF LINKS, INC., a Hawaii profit corporation, dba OLOMANA GOLF LINKS, a registered Hawaii trade name, aka THE PACIFIC LINKS HAWAII, a registered Hawaii trade name, and PACIFIC LINKS HAWAII, a registered Hawaii trade name; and DOE DEFENDANTS 1-10; Civil No. 15-00243 HG-KSC; **ORDER GRANTING DEFENDANT OLOMANA GOLF LINKS, INC.'S MOTION TO COMPEL ARBITRATION (ECF NO. 25) and DISMISSING THE CASE**